# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SHELLI ROSE DEWEY,

    Petitioner,

vs.

CAROLYN MYLES, et al.,

    Respondents.

Case No. 3:13-cv-00317-LRH-WGC

**ORDER**

    Petitioner, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#1), a motion for appointment of counsel (#2), and a motion for procedural orders (#3). The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The court finds that petitioner would benefit from the appointment of counsel, but, for the reasons stated below, the court will not appoint the attorney that petitioner requests. Instead, the court will ask the Federal Public Defender whether he is able to represent petitioner. The court's action makes petitioner's motion for procedural orders moot.

    Petitioner was convicted in state court of second degree murder. Marc Picker represented petitioner at trial. Petitioner appealed, and the Nevada Supreme Court affirmed. Richard F. Cornell represented petitioner on direct appeal from the judgment of conviction. Petitioner then filed in state court a post-conviction habeas corpus petition, which was denied. Petitioner appealed, and the Nevada Supreme Court affirmed. Cornell represented petitioner throughout the state-court post-

conviction proceedings. Petitioner requests that Cornell continue to represent her in this action; indeed, Cornell has prepared the proper-person documents that petitioner has filed.

Appointment of Cornell to represent petitioner would create a conflict of interest. In Martinez v. Ryan, 132 S. Ct. 1309 (2012), the Supreme Court held, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Id. at 1315. The court of appeals recently has held that the Martinez rule also applies to procedurally defaulted claims of ineffective assistance of counsel on direct appeal. Nguyen v. Curry, ___ F.3d ___, 2013 WL 6246285, at *5-7 (9th Cir. Dec. 4, 2013). The court sees two potential problems with Cornell representing petitioner in this action. First, the petition (#1) contains eleven claims of ineffective assistance of trial counsel. If the court determines that petitioner has not exhausted one or more of those claims, if the court stays the action while petitioner returns to the state courts, and if the state courts determine that those claims are procedurally barred as successive or untimely, then Cornell would be in the untenable position of either (1) arguing that he himself was ineffective in his litigation of the ineffective-assistance claims in the initial state post-conviction proceedings or (2) foregoing the benefit that Martinez v. Ryan extends to petitioner. Second, after Martinez and Nguyen, federal post-conviction counsel now has a duty to examine the state-court record and find any possible unexhausted claims of ineffective assistance of trial or direct-appeal counsel, because now it is more likely that those claims might receive consideration on their merits in federal court. Nguyen in particular would create a double problem for Cornell, because now he would have to argue that he himself provided ineffective assistance both on direct appeal and in the initial state post-conviction proceedings. Under these circumstances, it is more prudent to appoint other counsel to represent petitioner.

IT IS THEREFORE ORDERED that petitioner's motion for appointment of counsel (#2) is **GRANTED** in part but **DENIED** in part with respect to the appointment of Richard F. Cornell. The Federal Public Defender is provisionally appointed to represent petitioner.

IT IS FURTHER ORDERED that the Federal Public Defender shall have thirty (30) days from the date that this order is entered to undertake direct representation of petitioner or to indicate to the court his inability to represent petitioner in these proceedings. If the Federal Public Defender

does undertake representation of petitioner, he shall then have sixty (60) days to file an amended petition for a writ of habeas corpus. If the Federal Public Defender is unable to represent petitioner, then the court shall appoint alternate counsel.

IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto, Attorney General for the State of Nevada, as counsel for respondents.

IT IS FURTHER ORDERED that the clerk shall electronically serve both the Attorney General of the State of Nevada and the Federal Public Defender a copy of the petition (#1) and a copy of this order.

IT IS FURTHER ORDERED that respondents' counsel shall enter a notice of appearance within twenty (20) days of entry of this order, but no further response shall be required from respondents until further order of the court.

IT IS FURTHER ORDERED that any exhibits filed by the parties shall be filed with a separate index of exhibits identifying the exhibits by number or letter. The CM/ECF attachments that are filed further shall be identified by the number or numbers (or letter or letters) of the exhibits in the attachment. The hard copy of any additional state court record exhibits shall be forwarded—for this case—to the staff attorneys in Las Vegas.

IT IS FURTHER ORDERED that petitioner's motion for procedural orders (#3) is **DENIED** as moot.

DATED this 10th day of December, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE