UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SHELLI ROSE DEWEY,

    Petitioner,

vs.

CAROLYN MYLES, *et al.*,

    Respondents.
_____/

3:13-cv-00317-LRH-WGC

**ORDER**

Introduction

    This action is a petition for writ of habeas corpus by Nevada prisoner Shelli Rose Dewey, who was convicted in 2006 in Nevada's Fourth Judicial District Court, in Elko County, of second degree murder with use of a deadly weapon. The respondents have filed a motion to dismiss. The court will grant that motion in part and deny it in part. The court grants the motion only to the extent that it determines that four of Dewey's claims (Claims 5A, 5B, 5C and 5D) are unexhausted in state court, and directs Dewey to make an election regarding those claims.

Background

    In its decision on Dewey's direct appeal, the Nevada Supreme Court described the factual background of this case, as follows:

> In the early morning hours of September 12, 2004, Elko Police answered a hysterical "911" call from appellant Shelli Rose Dewey reporting that her husband, Steven, had been stabbed. During the call, Dewey commented three times that she did not know who stabbed Steven.

> At the scene, Dewey appeared to be intoxicated and was marginally intelligible. Dewey told the police that her husband had been stabbed. The police looked inside the Deweys' pickup truck as well as the surrounding area for a weapon but could not locate one.
>
> Several witnesses reported that Dewey and Steven had been drinking and creating a disturbance a few hours before the stabbing. At some point, the bartender asked the couple to leave. About thirty minutes thereafter, a witness reported seeing them arguing in the parking lot. Another witness also reported hearing a loud argument, followed by hysterical crying. This witness investigated the "ruckus" and saw Dewey draped over Steven, who was lying on his back next to or in close proximity to the couple's truck. According to this witness, Dewey was in obvious distress, frantically saying, "Please don't die! Please don't die on me!"
>
> \* \* \*
>
> Ultimately, the State charged Dewey with open murder with the use of a deadly weapon.
>
> \* \* \*
>
> At trial, the jury convicted Dewey of one count of second-degree murder with the use of a deadly weapon.

*Dewey v. State*, 123 Nev. 483, 485-87, 169 P.3d 1149, 1150-51 (2007) (a copy of the opinion is in the record at Exhibit 72).[1] Dewey was sentenced to life in prison with the possibility of parole after ten years for the murder, and a consecutive term of life in prison with the possibility of parole after ten years for use of a deadly weapon. *See* Judgment of Conviction, Exhibit 67.

The Nevada Supreme Court affirmed Dewey's judgment of conviction on November 1, 2007. *Dewey v. State*, *supra*. The court denied Dewey's petition for rehearing on November 30, 2007. Order Denying Rehearing, Exhibit 74. The remittitur issued on December 28, 2007. Remittitur, Exhibit 75.

Dewey filed a petition for writ of habeas corpus in state court on October 18, 2008. Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 77. The state district court held a six-day evidentiary hearing in December 2010 and January 2011, *see* Transcripts of Evidentiary Hearing,

---

[1] The exhibits referred to in this order were filed by Dewey, and are found in the record at ECF Nos. 17-28, and 46.

Exhibits 86-91, and denied the petition on June 28, 2011.  Decision, Exhibit 97; Notice of Entry of Order, Exhibit 98.  Dewey filed a motion to alter, amend or reconsider.  Motion to Alter or Amend Judgment or in the Alternative, Motion for Reconsideration, Exhibit 99.  The court ruled on that motion on October 17, 2011, issuing an addendum to its June 28, 2011, order, further explaining its denial of certain claims.  Addendum, Exhibit 104; Notice of Entry of Addendum, Exhibit 105.

Dewey appealed, and the Nevada Supreme Court affirmed the denial of Dewey's state habeas petition on April 10, 2013.  Order of Affirmance, Exhibit 112.  The Nevada Supreme Court denied Dewey's petition for rehearing on June 12, 2013.  Order Denying Rehearing, Exhibit 114.  The remittitur issued on July 8, 2013.  Remittitur, Exhibit 115.

Dewey filed her initial, nominally *pro se*, federal habeas corpus petition, initiating this action, on June 13, 2013 (ECF No. 1).  The court appointed counsel for Dewey (ECF No. 4).

With counsel, Dewey filed a first amended habeas petition on November 7, 2014 (ECF No. 16).  The court reads Dewey's first amended petition, which is the operative petition in the case, to include the following claims:

> Claim 1:   Dewey's "confession was taken in violation of her Fifth, Sixth and Fourteenth Amendment rights to silence, to the assistance of counsel, and to due process under the United States Constitution."
>
> Claim 2A:  Dewey's federal constitutional rights were violated because her trial counsel was ineffective "for failing to present evidence from an audio expert as to whether [Dewey] invoked her right to counsel."
>
> Claim 2B:  Dewey's federal constitutional rights were violated because her trial counsel was ineffective for failing "to present a battered women's syndrome defense to the murder charge."
>
> Claim 2C:  Dewey's federal constitutional rights were violated because her trial counsel was ineffective for failing "to investigate and present an expert witness on linguistics to testify that [she] had not waived her right to an attorney."
>
> Claim 2D:  Dewey's federal constitutional rights were violated because her trial counsel was ineffective "for failing to provide the defense crime scene analyst with all the available evidence and failing to properly question the analyst at trial."
>
> Claim 2E:  Dewey's federal constitutional rights were violated because her trial counsel was ineffective "for failing to seek a spoliation instruction."

Claim 2F: Dewey's federal constitutional rights were violated because her trial counsel was ineffective "for failing to present testimony from R. Goldie."

Claim 3: Dewey's "Fourteenth Amendment right to due process was violated when she was convicted without sufficient evidence."

Claim 4A: Dewey's federal constitutional rights were violated because "Instruction No. 13 regarding second degree murder reduced the State's burden of proof of the malice element."

Claim 4B:  : Dewey's federal constitutional rights were violated because "Instruction No. 19 defining deadly weapon unconstitutionally relieved the State of its burden to prove an element of the deadly weapon enhancement."

Claim 5A: Dewey's federal constitutional rights were violated because her appellate counsel was ineffective for failing to raise the entire legal and factual basis of the claim in Claim 1.

Claim 5B: Dewey's federal constitutional rights were violated because her appellate counsel was ineffective for failing to raise the entire legal and factual basis of the claim in Claim 3.

Claim 5C: Dewey's federal constitutional rights were violated because her appellate counsel was ineffective for failing to raise the entire legal and factual basis of the claim in Claim 4A.

Claim 5D: Dewey's federal constitutional rights were violated because her appellate counsel was ineffective for failing to raise the entire legal and factual basis of the claim in Claim 4B.

Claim 6: Dewey's federal constitutional rights were violated because "cumulative error rendered [her] trial and verdict inherently unreliable."

*See* First Amended Petition for Writ of Habeas Corpus (ECF No. 16), pp. 18-57.

Respondents filed the motion to dismiss on May 28, 2015 (ECF No. 41). In the motion to dismiss, respondents assert: that Claims 2A, 2B, 2E and 5 are barred by the statute of limitations; that Claims 1, 2A, 2B, 2D, 2E, 5A, 5B, 5C, 5D and 6 are unexhausted in state court; and that Claims 4A and 4B are not cognizable in this federal habeas corpus action. *See* Motion to Dismiss, pp. 3-16. Dewey filed an opposition to the motion to dismiss on August 10, 2015 (ECF No. 45). Respondents did not file a reply in support of their motion.

///

///

Discussion

    Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted in 1996, included a one-year statute of limitations for federal habeas petitions filed by prisoners challenging state-court convictions or sentences:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
>     (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1).

The AEDPA statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. § 2244(d)(2). In addition, a habeas petitioner is entitled to equitable tolling of the AEDPA statute of limitations if the petitioner shows:  "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), and *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir.2009)).

In this case, Dewey's direct appeal concluded on November 30, 2007, when the Nevada Supreme Court denied her petition for rehearing.  *See*  Order Denying Rehearing, Exhibit 74.

Adding the ninety days within which Dewey could have filed a petition for a writ of certiorari to the United States Supreme Court (*see* Supreme Court Rule 13), the date on which Dewey's conviction became final, for purposes of the AEDPA statute of limitations, was February 28, 2008. *See Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir.2001). The limitations period for Dewey's federal habeas petition began to run on that date.

On October 18, 2008, after 233 days had run against the one-year limitations period, Dewey filed her state habeas petition. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 77. The state habeas action was concluded on July 8, 2013. *See* Remittitur, Exhibit 115. At that point the limitations clock again began to run, with 132 days remaining.

Meanwhile, on June 13, 2013, Dewey initiated this action by filing her initial petition for writ of habeas corpus (ECF No. 1). Dewey's original petition was timely filed.

Dewey did not file her first amended petition (ECF No. 16) until November 7, 2014. That petition was filed 512 days after the statutory tolling ended on July 8, 2013, and after a total of 745 days had elapsed out without statutory tolling. Dewey makes no suggestion that there is any basis for equitable tolling relative to the first amended petition. The first amended petition was clearly filed well beyond the one-year AEDPA limitations period.

Therefore, the issue of the timeliness of the claims in Dewey's first amended petition turns upon whether those claims "relate back" to claims in her original petition, such that they are considered to have been first asserted on the filing date of the original petition. Claims in an amended habeas petition relate back to an earlier petition, under Federal Rule of Civil Procedure 15(c), if they arise out of "a common 'core of operative facts' uniting the original and newly asserted claims." *Mayle v. Felix*, 545 U.S. 644, 659 (2005). "An amended habeas petition ... does not relate back ... when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id*. at 650.

///

///

Claim 2A

In Claim 2A of her first amended petition, Dewey claims that her federal constitutional rights were violated because her trial counsel was ineffective "for failing to present evidence from an audio expert as to whether [Dewey] invoked her right to counsel." First Amended Petition, pp. 29-36.

Respondents argue that Claim 2A does not relate back to the similar claim in Dewey's original petition -- Ground VI in the original petition -- because, in the amended petition, Dewey has added specific factual allegations regarding the effects of a head injury suffered by one of her trial attorneys and regarding her trial attorneys' failure to provide the audio expert with the original recording of Dewey's first interview by the police. *See* Motion to Dismiss, pp. 6-7.

The court finds that, despite the more detailed presentation in the first amended petition, the claim as asserted in Claim 2A arises from the same core of operative facts as the claim in Ground VI of Dewey's original petition. *See* Original Habeas Petition (ECF No. 1), pp. 12-13, 68-73. Claim 2A relates back to the original petition, and is not barred by the statute of limitations.

Claim 2B

In Claim 2B of her first amended petition, Dewey claims that her federal constitutional rights were violated because her trial counsel was ineffective for failing "to present a battered womens' syndrome defense to the murder charge." First Amended Petition, pp. 36-43.

Dewey asserted a similar claim in Ground III of her original petition. *See* Original Habeas Petition, pp. 9-10, 44-54. Respondents argue that Ground III of the original petition was different because it focused on trial counsel's alleged failure to call an expert witness on the subject of battered woman syndrome, as opposed to the first amended petition, which also details counsel's alleged failure to investigate lay witnesses that could have provided testimony supporting the proposition that Dewey suffered from battered woman syndrome. *See* Motion to Dismiss, pp. 7-8.

However, Ground III of Dewey's original petition was not limited to asserting that trial counsel failed to call an expert witness on the subject of battered woman syndrome; in Ground III of the original petition, Dewey alleged:

> Trial counsel was prejudicially ineffective *in failing to investigate* and present evidence through a forensic psychologist that Petitioner was a battered woman at the hands of the victim, and otherwise did not have the psychological profile consistent with one who would murder another.

Original Habeas Petition, p. 10 (emphasis added); *see also id*. at 44-54. Claim 2B arises from the same core of operative facts as Ground III of Dewey's original petition. Claim 2B relates back to the original petition, and is not barred by the statute of limitations.

### Claim 2E

In Claim 2E of her first amended petition, Dewey claims that her federal constitutional rights were violated because her trial counsel was ineffective "for failing to seek a spoliation instruction." First Amended Petition, pp. 46-49.

In Ground IV of her original petition, Dewey similarly claimed: "Trial counsel was prejudicially ineffective in failing to seek a spoliation of evidence instruction at trial." Original Habeas Petition, p. 11; *see also id*. at 54-63. Here again, however, respondents argue that added detail in the claim as presented in Dewey's first amended petition prevent it from relating back to the original petition. *See* Motion to Dismiss, pp. 8-9.

The court finds that Claim 2E arises from the same core of operative facts as Ground IV of Dewey's original petition. Claim 2E relates back to the original petition, and is not barred by the statute of limitations.

### Claims 5A, 5B, 5C and 5D

In Claims 5A, 5B, 5C and 5D, Dewey claims that her federal constitutional rights were violated because her appellate counsel was ineffective for failing to raise the entire legal and factual bases of the claims in Claims 1, 3, 4A and 4B, respectively. *See* First Amended Petition, pp. 55-56.

In their motion to dismiss, respondents point out that Dewey's original petition did not include any claim of ineffective assistance of appellate counsel. *See* Motion to Dismiss, p. 9; Petition for Writ of Habeas Corpus (ECF No. 1). What respondents do not acknowledge is that the original petition did include, as Grounds X, XIII, XIV and XV, claims similar to Claims 1, 3, 4A and

4B in the first amended petition, which are the substantive claims underlying the claims of ineffective assistance of appellate counsel. *See id*. at 17, 20-22, 86-90, 98-110.

In her opposition to the motion to dismiss, Dewey cites *Nguyen v. Curry*, 736 F.3d 1287, 1296-97 (9th Cir. 2013). In *Nguyen*, the petitioner's "appellate-counsel IAC claim was not included in the original petition at all," but the petitioner had included in the original petition the double-jeopardy claim that his appellate counsel was faulted for not raising on appeal. *See id*. The Court of Appeals ruled that the claim of ineffective assistance of appellate counsel related back to the assertion of the substantive double-jeopardy claim in the original petition. *See id*. Respondents did not file a reply in support of their motion to dismiss, and, therefore, did not respond to Dewey's citation of *Nguyen*.

*Nguyen* is on point. Claims 5A, 5B, 5C and 5D arise from the same core of operative facts as Grounds X, XIII, XIV and XV in Dewey's original petition. Claims 5A, 5B, 5C and 5D relate back to the filing of the original petition, and are not barred by the statute of limitations.

Exhaustion

A federal court may not grant habeas corpus relief on a claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is intended to allow state courts the initial opportunity to correct constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the highest state court, and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). A claim is fairly presented to the state's highest court if, before that court, the petitioner describes the operative facts and legal theory upon which the claim is based. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard*, 404 U.S. at 275; *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982).

///

///

#### Claim 1

In Claim 1, Dewey claims that her "confession was taken in violation of her Fifth, Sixth and Fourteenth Amendment rights to silence, to the assistance of counsel, and to due process under the United States Constitution." First Amended Petition, pp. 18-26.

Respondents argue in their motion to dismiss that Dewey did not exhaust this claim on her direct appeal, at least to the extent she now asserts a violation of her Sixth Amendment right to counsel. *See* Motion to Dismiss, p. 11.

This court finds that Dewey's Sixth Amendment right to counsel claim was exhausted on her direct appeal. *See* Appellant's Opening Brief, Exhibit 68, p. 17 ("Appellant's admission/confession was taken in violation of her Fifth *and Sixth* Amendment rights." (emphasis added)); *id*. at 18 (noting that the police officers testified that they did not hear Dewey request an attorney, but arguing that she "was hard to understand," "mumbling at points in the interview," and "somewhat withdrawn and not loud"); *see also Dewey*, 123 Nev. at 487-89, 169 P.3d at 1152-53 (Nevada Supreme Court ruled that "substantial evidence support[ed] the district court's determination that Dewey did not invoke her right to counsel during the first interview."); *Casey v. Moore*, 386 V.3d 896, 916 n. 18 ("[A] claim is exhausted if the state's hightest court expressly addresses the claim, whether or not it was fairly presented.").

#### Claim 2A

In Claim 2A, Dewey claims that her federal constitutional rights were violated because her trial counsel was ineffective "for failing to present evidence from an audio expert as to whether [Dewey] invoked her right to counsel." First Amended Petition, pp. 29-36.

Respondents argue that Claim 2A is unexhausted because Dewey includes in the claim certain specific factual allegations that were not asserted in state court in Dewey's state habeas action. *See* Motion to Dismiss, p. 12.

The court determines that Claim 2A is exhausted. The new factual allegations do not fundamentally alter the claim. *See* Appellant's Opening Brief, Exhibit 108, pp. 48-56; *see also*

*Dickens v. Ryan*, 740 F.3d 1302, 1318 (9th Cir.2014) (en banc) (a claim is unexhausted if new factual allegations fundamentally alter the claim considered by the state courts).

In so ruling, however, the court expresses no opinion as to what evidence will ultimately be admissible in support of the claim. *See Cullen v. Pinholster*, 563 U.S. 170, ___, 131 S.Ct. 1388, 1398 (2011) (holding that federal habeas review under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits).

### Claim 2B

In Claim 2B, Dewey claims that her federal constitutional rights were violated because her trial counsel was ineffective for failing "to present a battered women's syndrome defense to the murder charge." First Amended Petition, pp. 36-43.

Here again, respondents argue that Dewey's addition of many new factual allegations in support of this claim -- in particular, allegations regarding lay witnesses who could have testified about Dewey's husband's severe abuse of her -- render this claim unexhausted. *See* Motion to Dismiss, p. 13.

The court determines that Claim 2B is exhausted; the new factual allegations do not fundamentally alter the claim. *See* Appellant's Opening Brief, Exhibit 108, pp. 29-36.

Again, however, the court expresses no opinion as to what evidence will ultimately be admissible in support of the claim. *See Pinholster*, 131 S.Ct. at 1398.

### Claim 2D

In Claim 2D, Dewey claims that her federal constitutional rights were violated because her trial counsel was ineffective "for failing to provide the defense crime scene analyst with all the available evidence and failing to properly question the analyst at trial." First Amended Petition, pp. 45-46.

Respondents argue that "[w]hile counsel presented a similar claim in his state habeas appeal..., the allegations of the claim are now different." Motion to Dismiss, p. 13. Therefore, according to respondents, the claim is unexhausted. *Id*. at 13-14.

The court disagrees. The new factual allegations do not fundamentally alter the claim. *See* Appellant's Opening Brief, Exhibit 108, pp. 21-29. Claim 2D is exhausted.

However, the court expresses no opinion as to what evidence will ultimately be admissible in support of the claim. *See Pinholster*, 131 S.Ct. at 1398.

### Claim 2E

In Claim 2E, Dewey claims that her federal constitutional rights were violated because her trial counsel was ineffective "for failing to seek a spoliation instruction." First Amended Petition, pp. 46-49.

Respondents argue that, although Dewey presented a similar claim on the appeal in her state habeas action, she now raises "issues with respect to spoliation that are different than the claim [she] raised in [her] state habeas appeal." *See* Motion to Dismiss, p. 14.

The new factual allegations, however, do not fundamentally alter the claim. *See* Appellant's Opening Brief, Exhibit 108, pp. 36-43. Claim 2E is exhausted.

However, the court expresses no opinion as to what evidence will ultimately be admissible in support of the claim. *See Pinholster*, 131 S.Ct. at 1398.

### Claims 5A, 5B, 5C and 5D

In Claims 5A, 5B, 5C and 5D, Dewey claims that her federal constitutional rights were violated because her appellate counsel was ineffective for failing to raise the entire legal and factual bases of the claims in Claims 1, 3, 4A and 4B, respectively. *See* First Amended Petition, pp. 55-56.

Respondents point out in their motion to dismiss that Dewey concedes in her first amended petition that these claims are unexhausted. *See* Motion to Dismiss, pp. 14-15.[2] Dewey also concedes in her response to the motion to dismiss that these claims are unexhausted. Opposition to Motion to Dismiss, p. 11.

---

[2] In arguing that Claims 5A, 5B, 5C and 5D are unexhausted, respondents argue in passing that there Claims 1, 3 and 4 are unexhausted in certain respects. *See* Motion to Dismiss, pp. 14-15. The court rejects that argument, and determines that Claims 1, 3 and 4 are exhausted.

Dewey raised no claim of ineffective assistance of appellate counsel on the appeal in her state habeas action. *See* Appellant's Opening Brief, Exhibit 108. Claims 5A, 5B, 5C and 5D are unexhausted in state court.

### Claim 6

In Claim 6, Dewey claims that her federal constitutional rights were violated because "cumulative error rendered [her] trial and verdict inherently unreliable." First Amended Petition, pp. 56-57.

Respondents argue that Claim 6 is unexhausted. *See* Motion to Dismiss, p. 15.

As a cumulative error claim, Claim 6 is exhausted, and survives the motion to dismiss, to the extent that Dewey's other claims are exhausted and otherwise procedurally viable.

### Cognizability of Claims 4A and 4B

In Claim 4A, Dewey claims that her federal constitutional rights were violated because "Instruction No. 13 regarding second degree murder reduced the State's burden of proof of the malice element," and in Claim 4B she claims that her federal constitutional rights were violated because "Instruction No. 19 defining deadly weapon unconstitutionally relieved the State of its burden to prove an element of the deadly weapon enhancement." First Amended Petition, pp. 52-54.

Respondents argue that Claims 4A and 4B are not cognizable in this federal habeas corpus action. *See* Motion to Dismiss, pp. 15-16. Respondents' argument in this regard is meritless.

Federal habeas corpus relief is available for violations of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). In Claims 4A and 4B, Dewey plainly asserts violations of her federal constitutional rights. *See* First Amended Petition, p. 52 ("The jury instructions provided during petitioner's trial improperly reduced the burden of proof and violated petitioner's due process rights, in violation of the Fifth and Fourteenth Amendments of the U.S. Constitution."). Claims 4A and 4B are cognizable in this federal habeas corpus action.

<u>Dewey's Election with Regard to Her Unexhausted Claims</u>

As is discussed above, the court finds Claims 5A, 5B, 5C and 5D of Dewey's first amended habeas petition to be unexhausted in state court. With respect to these unexhausted claims, Dewey must make an election. Dewey must either file a notice of abandonment of the unexhausted claims, indicating that she elects to abandon the unexhausted claims and proceed with the litigation of her remaining exhausted claims, or, alternatively, file a motion for stay, requesting a stay of these proceedings while she exhaust the unexhausted claims in state court. If Dewey elects to file a motion for stay, she must make a showing that a stay is warranted, as prescribed in the Supreme Court case of *Rhines v. Weber*, 544 U.S. 269 (2005). If Dewey does not, within the time allowed, file a notice of abandonment of all her unexhausted claims, or a motion for a stay, her entire first amended habeas petition will be dismissed pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982).

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 41) is **GRANTED IN PART AND DENIED IN PART**. The motion to dismiss is granted to the extent that the court finds Claims 5A, 5B, 5C and 5D to be unexhausted in state court, and directs petitioner to make an election regarding those claims. In all other respects, the motion to dismiss is denied.

**IT IS FURTHER ORDERED** that petitioner shall have 30 days from the entry of this order to file a notice of abandonment of all her unexhausted claims, or a motion for a stay to allow her to exhaust the unexhausted claims in state court.

**IT IS FURTHER ORDERED** that, if petitioner files a notice of abandonment of her unexhausted claims, respondents shall file an answer, responding to petitioner's remaining exhausted claims, within 60 days after the notice of abandonment is filed, and, thereafter, petitioner shall file a reply within 60 days after the answer is filed.

**IT IS FURTHER ORDERED** that, if petitioner files a motion for a stay to allow exhaustion of her unexhausted claims in state court, respondents shall thereafter have 30 days to file a response to that motion, and petitioner shall have 20 days, following respondents' response to the motion, to file a reply.

**IT IS FURTHER ORDERED** that, if petitioner does not, within the time allowed, file a notice of abandonment of all her unexhausted claims, or a motion for a stay to allow exhaustion of her unexhausted claims in state court, petitioner's entire first amended habeas petition will be dismissed pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982).

Dated this 28th day of October, 2015

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE