UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SHELLI ROSE DEWEY,

    Petitioner,                                                    3:13-cv-00317-LRH-WGC

vs.

**ORDER**

CAROLYN MYLES, *et al.*,

    Respondents.

_____/

    In this habeas corpus action, brought by Nevada prisoner Shelli Rose Dewey, the court, on October 29, 2015, granted in part and denied in part a motion to dismiss made by the respondents. *See* Order entered October 29, 2015 (ECF No. 47). In that order, the court ruled that four of the claims in Dewey's amended habeas petition -- Claims 5A, 5B, 5C and 5D -- are unexhausted in state court. *See id*. The court, therefore, ordered Dewey to make an election, to either abandon the unexhausted claims, or move for a stay of this action so that she may exhaust them in state court. *See id*. at 14-15. The court warned Dewey that if she did not, within the time allowed, file a notice of abandonment of her unexhausted claims, or a motion for a stay, her entire amended habeas petition would be dismissed pursuant to Rose v. Lundy, 455 U.S. 509 (1982). *See id*.

    On December 7, 2015, Dewey filed a motion for stay, requesting that this action be stayed pending the conclusion of a state-court habeas action that she has filed, and that is now pending, in Nevada's Fourth Judicial District Court. *See* Motion for Stay (ECF No. 50). On

December 23, 2015, respondents filed a response to the motion for stay, indicating their non-opposition to that motion. *See* Non-Opposition to Motion for Stay (ECF No. 51).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court circumscribed the discretion of federal district courts to impose stays to facilitate habeas petitioners' exhaustion of claims in state court. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
>
> \* \* \*
>
> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Rhines*, 544 U.S. at 277-78.

Later, in the context of the procedural default doctrine, the Supreme Court held,:

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984).

*Martinez v. Ryan*, 132 S.Ct. 1309, 1318 (2012). The Ninth Circuit Court of Appeals has extended the *Martinez* rule, which specifically applied to claims of ineffective assistance of trial counsel, to claims of ineffective assistance of direct appeal counsel. *See Nguyen v. Curry*, 736 F.3d 1287, 1293 (9th Cir.2013).

In 2014, the Ninth Circuit Court of Appeals applied *Martinez* to the showing of good cause required for exhaustion stays under *Rhines*. "[W]e hold that the *Rhines* standard for [ineffective-

assistance-of-counsel]-based cause is not any more demanding than the cause standard articulated in *Martinez*." *Blake v. Baker*, 745 F.3d 977, 984 (9th Cir.2014). In *Blake*, the court of appeals instructed that ineffective assistance of state post-conviction counsel can be good cause for a *Rhines* stay. *Id*. at 983. The court in *Blake* stated:

> The good cause element is the equitable component of the *Rhines* test. It ensures that a stay and abeyance is available only to those petitioners who have a legitimate reason for failing to exhaust a claim in state court. As such, good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify that failure. *See* [*Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005)] ("A petitioner's reasonable confusion ... will ordinarily constitute 'good cause' [under *Rhines*] ...." (emphasis added)). An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust.
>
> * * *
>
> While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will.

*Blake*, 745 F.3d at 982 (footnote omitted) (emphasis added).

As good cause for her failure to exhaust, in her first state habeas action, Claims 5A, 5B, 5C and 5D, which are all claims of ineffective assistance of counsel on her direct appeal, Dewey points out that in her first state habeas action she was represented by the same attorney who represented her on her direct appeal, and that attorney could not have raised, without conflict, claims regarding his own ineffectiveness. *See* Motion for Stay, pp. 6-10. The court finds that Dewey has thus shown good cause for her failure to earlier exhaust Claims 5A, 5B, 5C and 5D, sufficient to justify a stay of this action under *Rhines*. Furthermore, the court finds that Dewey has made sufficient showings that Claims 5A, 5B, 5C and 5D are not plainly meritless, and that she has not engaged in intentionally dilatory litigation tactics. *See id*. at 10-12.

The court will, therefore, grant Dewey's motion for stay, and will stay this action pending her exhaustion of claims in state court. The court's intention is that this will be the last time that the court imposes a stay to facilitate Dewey's exhaustion of claims in state court. Dewey must exhaust all her unexhausted claims in state court during the stay imposed pursuant to this order.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Stay (ECF No. 50) is **GRANTED**. This action shall be stayed, while petitioner exhausts, in state court, all her unexhausted claims for habeas corpus relief. The clerk of the court shall administratively close this case.

**IT IS FURTHER ORDERED** that, following the conclusion of petitioner's state court proceedings, petitioner shall, within 30 days, make a motion to lift the stay of this action.

**IT IS FURTHER ORDERED** that this action shall be subject to dismissal, upon a motion by respondents, if petitioner does not comply with the time limits in this order, or if she otherwise fails to proceed with diligence during the stay imposed pursuant to this order.

Dated this 26th day of January, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE