UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

SHELLI ROSE DEWEY,

                    Petitioner,

    v.

DWIGHT NEVEN, *et al.*,

                    Respondents.

Case No. 3:13-cv-00317-LRH-WGC

ORDER

Introduction

       This action is a petition for writ of habeas corpus by Nevada prisoner Shelli Rose Dewey, who was convicted in 2006, in Nevada's Fourth Judicial District Court, in Elko County, of second degree murder with use of a deadly weapon. The respondents have filed a motion to dismiss Dewey's second amended habeas petition. The Court will grant the motion to dismiss in part and deny it in part, and will dismiss certain of Dewey's claims.

Background

       In its decision on Dewey's direct appeal, the Nevada Supreme Court described the factual background of this case, as follows:

        In the early morning hours of September 12, 2004, Elko Police answered a hysterical "911" call from appellant Shelli Rose Dewey reporting that her husband, Steven, had been stabbed. During the call, Dewey commented three times that she did not know who stabbed Steven.

        At the scene, Dewey appeared to be intoxicated and was marginally intelligible. Dewey told the police that her husband had been stabbed. The police looked inside the Deweys' pickup truck as well as the surrounding area for a weapon but could not locate one.

1

Several witnesses reported that Dewey and Steven had been drinking and creating a disturbance a few hours before the stabbing. At some point, the bartender asked the couple to leave. About thirty minutes thereafter, a witness reported seeing them arguing in the parking lot. Another witness also reported hearing a loud argument, followed by hysterical crying. This witness investigated the "ruckus" and saw Dewey draped over Steven, who was lying on his back next to or in close proximity to the couple's truck. According to this witness, Dewey was in obvious distress, frantically saying, "Please don't die! Please don't die on me!"

\* \* \*

Ultimately, the State charged Dewey with open murder with the use of a deadly weapon.

\* \* \*

At trial, the jury convicted Dewey of one count of second-degree murder with the use of a deadly weapon.

*Dewey v. State*, 123 Nev. 483, 485-87, 169 P.3d 1149, 1150-51 (2007) (a copy of the opinion is in the record at Exhibit 72 (ECF No. 22-2)). Dewey was sentenced to two consecutive terms of life in prison with the possibility of parole after ten years. *See* Judgment of Conviction, Exhibit 67 (ECF No. 21-10).

The Nevada Supreme Court affirmed the judgment of conviction on November 1, 2007. *See Dewey v. State*, *supra.* The court denied Dewey's petition for rehearing on November 30, 2007. *See* Order Denying Rehearing, Exhibit 74 (ECF No. 22-4). The remittitur issued on December 28, 2007. *See* Remittitur, Exhibit 75 (ECF No. 22-5).

Dewey filed a petition for writ of habeas corpus in state court on October 18, 2008. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 77 (ECF No. 22-7). The state district court held a six-day evidentiary hearing in December 2010 and January 2011 (*see* Transcripts of Evidentiary Hearing, Exhibits 86-91 (ECF Nos. 22-16, 22-17, 23, 23-1, 23-2, 23-3)), and denied the petition on June 28, 2011. *See* Decision, Exhibit 97 (ECF No. 24-5); Notice of Entry of Order, Exhibit 98 (ECF No. 24-6). Dewey filed a motion to alter, amend or reconsider. *See* Motion to Alter or Amend Judgment or in the Alternative, Motion for Reconsideration, Exhibit 99 (ECF No. 24-7). The court ruled on that motion on October 17, 2011, issuing an addendum to its June 28, 2011, order, further explaining its

denial of certain claims. *See* Addendum, Exhibit 104 (ECF No. 24-12); Notice of Entry of Addendum, Exhibit 105 (ECF No. 24-13). Dewey appealed, and the Nevada Supreme Court affirmed the denial of Dewey's state habeas petition on April 10, 2013. *See* Order of Affirmance, Exhibit 112 (ECF No. 24-20). The Nevada Supreme Court denied Dewey's petition for rehearing on June 12, 2013. *See* Order Denying Rehearing, Exhibit 114 (ECF No. 24-22). The Nevada Supreme Court's remittitur issued on July 8, 2013. *See* Remittitur, Exhibit 115 (ECF No. 24-23).

Dewey filed her initial, nominally *pro se*, federal habeas corpus petition, initiating this action, on June 13, 2013 (ECF No. 1). The Court appointed counsel for Dewey (ECF No. 4), and, with counsel, Dewey filed a first amended petition on November 7, 2014 (ECF No. 16).

Respondents filed a motion to dismiss on May 28, 2015 (ECF No. 41), contending that certain of the claims in the first amended petition were barred by the statute of limitations, that certain of the claims were unexhausted in state court, and that certain of the claims were not cognizable in this federal habeas corpus action. The Court ruled on that motion on October 29, 2015, ruling that Claims 5A, 5B, 5C and 5D of the first amended petition were unexhausted, and directing Dewey to elect, with respect to those claims, whether to abandon them or move for a stay to allow her to exhaust them in state court. *See* Order entered October 29, 2015 (ECF No. 47).

Dewey filed a motion for stay on December 7, 2015 (ECF No. 50). The respondents did not oppose that motion (ECF No. 51), and the Court granted the motion, and stayed this action, on January 26, 2016. *See* Order entered January 26, 2016 (ECF No. 52).

The stay was lifted, upon a motion by Dewey, on July 20, 2017 (ECF No. 58). Dewey then filed a second amended petition for writ of habeas corpus (ECF No. 59) on September 18, 2017. The Court reads Dewey's second amended petition to include the following claims:

> Ground 1: Dewey's "confession was taken in violation of her Fifth, Sixth and Fourteenth Amendment rights to silence, to the assistance of counsel, and to due process under the United States Constitution."

Ground 2A: Dewey's federal constitutional rights were violated because her trial counsel was ineffective "for failing to present evidence from an audio expert as to whether [Dewey] invoked her right to counsel."

Ground 2B: Dewey's federal constitutional rights were violated because her trial counsel was ineffective for failing "to present a battered women's syndrome defense to the murder charge."

Ground 2C: Dewey's federal constitutional rights were violated because her trial counsel was ineffective for failing "to investigate and present an expert witness on linguistics to testify that [she] had not waived her right to an attorney."

Ground 2D: Dewey's federal constitutional rights were violated because her trial counsel was ineffective "for failing to provide the defense crime scene analyst with all the available evidence and failing to properly question the analyst at trial."

Ground 2E: Dewey's federal constitutional rights were violated because her trial counsel was ineffective "for failing to seek a spoliation instruction."

Ground 2F: Dewey's federal constitutional rights were violated because her trial counsel was ineffective "for failing to present testimony from R. Goldie."

Ground 3: Dewey's "Fourteenth Amendment right to due process was violated when she was convicted without sufficient evidence."

Ground 4A: Dewey's federal constitutional rights were violated because "Instruction No. 13 regarding second degree murder reduced the State's burden of proof of the malice element."

Ground 4B: Dewey's federal constitutional rights were violated because "Instruction 19 defining deadly weapon unconstitutionally relieved the State of its burden to prove an element of the deadly weapon enhancement."

Ground 5A: Dewey's federal constitutional rights were violated because her appellate counsel was ineffective for failing to raise the entire legal and factual basis of the claim in Ground 1.

Ground 5B: Dewey's federal constitutional rights were violated because her appellate counsel was ineffective for failing to raise the entire legal and factual basis of the claim in Ground 3.

Ground 5C: Dewey's federal constitutional rights were violated because her appellate counsel was ineffective for failing to raise the entire legal and factual basis of the claim in Ground 4A.

Ground 5D: Dewey's federal constitutional rights were violated because her appellate counsel was ineffective for failing to raise the entire legal and factual basis of the claim in Ground 4B.

Ground 6: Dewey's federal constitutional rights were violated because "cumulative error rendered [her] trial and verdict inherently unreliable."

4

*See* Second Amended Petition for Writ of Habeas Corpus (ECF No. 59). These are the same claims, numbered in the same manner, as in Dewey's first amended petition, filed November 7, 2014 (ECF No. 16).

On March 9, 2018, Respondents filed a motion to dismiss Dewey's second amended petition, arguing: that Grounds 2A, 2B, 5A, 5B, 5C and 5D are barred by the statute of limitations; that part of Grounds 2B, 5A, 5B, 5C and 5D are barred by the procedural default doctrine; that Grounds 2A, 2D and 2E include allegations not exhausted in state court; and that Ground 6 is not procedurally viable for several reasons. *See* Motion to Dismiss (ECF No. 64). Dewey filed an opposition to the motion to dismiss on April 6, 2018 (ECF No. 65). Respondents replied on June 6, 2018 (ECF No. 68).

Discussion

Statute of Limitations - Grounds 2A, 2B, 5A, 5B, 5C and 5D

As was discussed in the Court's October 29, 2015 order, resolving respondents' motion to dismiss Dewey's first amended petition, Dewey's original petition was filed before the one-year limitations period expired, but her first amended petition – and now her second amended petition, as well – was filed after the limitations period expired. *See* Order entered October 29, 2015 (ECF No. 47), pp. 5-6. Therefore, the issue of the timeliness of the claims in Dewey's amended petitions turns upon whether those claims "relate back" to claims in her original petition, such that they are considered to have been first asserted on the filing date of the original petition. Claims in an amended habeas petition relate back to an earlier petition, under Federal Rule of Civil Procedure 15(c), if they arise out of "a common 'core of operative facts' uniting the original and newly asserted claims." *Mayle v. Felix*, 545 U.S. 644, 659 (2005). "An amended habeas petition ... does not relate back ... when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650.

Respondents argue in their motion to dismiss Dewey's second amended petition that Grounds 2A, 2B, 5A, 5B, 5C and 5D do not relate back to Dewey's original petition, and, therefore, are barred by the statute of limitations. *See* Motion to Dismiss (ECF No.

64), pp. 3-9. Respondents made these same arguments, regarding the same claims, in their motion to dismiss Dewey's first amended petition, and the Court rejected the arguments. *See* Order entered October 29, 2015 (ECF No. 47), pp. 7-9. The Court ruled that Grounds 2A, 2B, 5A, 5B, 5C and 5D relate back to Dewey's original petition, and are not barred by the statute of limitations. *See id.* Respondents do not make any showing warranting the Court's reconsideration of those rulings.

Respondents' motion to dismiss will be denied to the extent Respondents assert that Grounds 2A, 2B, 5A, 5B, 5C and 5D are barred by the statute of limitations.

Procedural Default – Grounds 2B, 5A, 5B, 5C and 5D

In *Coleman v. Thompson*, the Supreme Court held that a state prisoner who fails to comply with state-law procedural requirements in presenting his claims in state court is barred by the adequate and independent state ground doctrine from obtaining a writ of habeas corpus in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991) ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire

6

1   [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603

2   (9th Cir. 1989), citing *United States v. Frady*, 456 U.S. 152, 170 (1982).

3           Ground 2B

4           Respondents argue in their motion to dismiss that part of Ground 2B is barred by

5   the procedural default doctrine. *See* Motion to Dismiss (ECF No. 64), p. 10.

6           In the October 29, 2015 order, the Court ruled that Ground 2B was exhausted in

7   state court in Dewey's first state habeas action – that is, that to the extent it is presented

8   in a different manner in this federal habeas action, the different presentation does not

9   fundamentally alter the claim. *See* Order entered October 29, 2015 (ECF No. 47), p. 11;

10  *see also Dickens v. Ryan*, 740 F.3d 1302, 1318 (9th Cir. 2014) (en banc) (a claim is

11  unexhausted if new factual allegations fundamentally alter the claim considered by the

12  state courts). To the extent that this claim was exhausted in Dewey's first state habeas

13  action, it is not procedurally defaulted.

14          However, in her second state habeas action, during the stay of this federal action,

15  the Nevada Supreme Court affirmed the denial of this claim as procedurally barred, ruling

16  as follows:

17          Dewey first argues she has good cause to overcome the procedural
        bars because the legal and factual basis of her claim in Ground 2(B) was
18      not reasonably available to counsel at the time of her first postconviction
        petition. *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506
19      (2003). In Ground 2(B), Dewey argues that trial counsel was ineffective for
        failing to investigate and present evidence at trial that she suffered from
20      battered-woman syndrome. Dewey acknowledges that she raised this claim
        in her previous petition but contends that, because of the trauma she
21      suffered, she has only recently disclosed the details of the domestic abuse
        that gave rise to that trauma. Dewey has failed to demonstrate good cause
22      to overcome the procedural bars because she has not demonstrated that
        an impediment external to the defense prevented her from fully raising this
23      claim in her earlier petition. *See id.*; *Phelps v. Dir., Nev. Dep't of Prisons*,
        104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988) (holding organic brain
24      damage and borderline mental retardation do not constitute good cause).
        We decline Dewey's invitation to limit the holding in *Phelps*. To the extent
25      she argues that the procedural bars should be excused due to the
        ineffective assistance of prior postconviction counsel, Dewey's claim lacks
26      merit. *See Brown v. McDaniel*, 130 Nev., Adv. Op. 60, 331 P.3d 867; 871-
        72 (2014) ("[T]he ineffectiveness of counsel representing a noncapital
27      petitioner does not constitute good cause to excuse a state procedural
        bar.").

28

                                            7

Order of Affirmance, Exhibit 260, pp. 1-2 (ECF No. 56-15, pp. 2-3). This ruling by the Nevada Supreme Court raises a possibility that Ground 2B is, to some extent perhaps, barred by the procedural default doctrine.

A difference between federal and state law in this area is that, in this federal action, ineffective assistance of Dewey's first post-conviction counsel could possibly function as cause to excuse any procedural default of this claim of ineffective assistance of trial counsel. *See Martinez v. Ryan*, 566 U.S. 1 (2012). This, however, is an issue that will be better addressed in conjunction with the merits of the claim, after Respondents file an answer.

Therefore, the Court will deny Respondents' motion to dismiss to the extent they request dismissal of Ground 2B as procedurally defaulted. This ruling is without prejudice to Respondents asserting the procedural default defense to this claim in their answer.

Grounds 5A, 5B, 5C and 5D

Respondents also argue in their motion to dismiss that Grounds 5A, 5B, 5C and 5D are subject to dismissal as procedurally defaulted. *See* Motion to Dismiss (ECF No. 64), p. 11. This argument is well taken.

In the October 29, 2015 order, the Court ruled that Grounds 5A, 5B, 5C and 5D were unexhausted in state court. *See* Order entered October 29, 2015 (ECF No. 47), pp. 12-13. Then, in Dewey's second state habeas action, the Nevada Supreme Court ruled that these claims were procedurally barred, as they were untimely and successive. *See* Order of Affirmance, Exhibit 260 (ECF No. 56-15), citing NRS 34.726 and NRS 34.810. Therefore, Grounds 5A, 5B, 5C and 5D are subject to dismissal as procedurally defaulted, unless Dewey demonstrates that she can overcome the procedural default in some manner.

Dewey argues that she can overcome the procedural default of these claims of ineffective assistance of appellate counsel because her first post-conviction counsel, who was also her appellate counsel, was conflicted and ineffective. *See* Opposition to Motion to Dismiss (ECF No. 65), pp. 2-6. However, Dewey waived the conflict of interest in her

8

first state habeas action. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 77, p. 5 (ECF No. 22-7, p. 6). Therefore, the conflict of interest that Dewey now points to was not an "external impediment" preventing her from asserting the claim; the claim was not made as a result of her own decision to waive the conflict. *See Murray*, 477 U.S. at 492 ("[C]ause for a procedural default on appeal ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim."). And, because Grounds 5A, 5B, 5C and 5D are claims of ineffective assistance of appellate counsel, as opposed to trial counsel, Dewey's attempt to overcome the procedural default of those claims by a showing of ineffective assistance of her first post-conviction counsel fails. *See Davila v. Davis*, 137 S.Ct. 2058 (2017) (*Martinez* does not apply to claims of ineffective assistance of appellate counsel).

Dewey does not show that she can overcome the procedural default of Grounds 5A, 5B, 5C and 5D. Respondents' motion to dismiss will be granted as to those claims, on the ground that they are procedurally defaulted. Grounds 5A, 5B, 5C and 5D will be dismissed.

Exhaustion – Grounds 2A, 2D and 2E

Respondents next argue in their motion to dismiss that Grounds 2A, 2D and 2E are unexhausted in state court. *See* Motion to Dismiss (ECF No. 64), pp. 13-15. Respondents argue that Dewey did not assert these claims on the appeal in her second state habeas action, and they reassert their argument, first presented in their first motion to dismiss, that these claims were not exhausted in Dewey's first state habeas action. *See id.*

In the October 29, 2015 order, the Court ruled that Grounds 2A, 2D and 2E were exhausted in Dewey's first state habeas action – that, to the extent that the presentation of the claims was changed in federal court, the claims were not fundamentally altered. *See* Order entered October 29, 2015 (ECF No. 47), pp. 10-12; *see also Dickens*, 740 F.3d at 1318. Respondents have not presented any reason why the Court should revisit

this ruling. Respondents' motion to dismiss will be denied to the extent it asserts that Grounds 2A, 2D and 2E are unexhausted in state court.

<u>Cumulative Error Claim – Ground 6</u>

Respondents argue in their motion to dismiss that Ground 6, Dewey's cumulative error claim, is procedurally flawed and should be dismissed. *See* Motion to Dismiss (ECF No. 64), p. 15. Respondents argue that the cumulative error claim must be dismissed because it incorporates claims that are untimely, that are procedurally defaulted, and that have not been exhausted in state court. *See id.*

Generally, a cumulative error claim is procedurally viable to the extent it incorporates other claims that are procedurally viable. As Dewey asserts multiple procedurally viable claims, which will proceed to adjudication on their merits, her cumulative error claim is not subject to dismissal. The Court's denial of Respondents' motion to dismiss this claim, however, is without prejudice to Respondents asserting any of the same arguments regarding the claim in their answer.

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss (ECF No. 64) is **GRANTED IN PART AND DENIED IN PART**. Grounds 5A, 5B, 5C and 5D (as those subclaims are described above) are dismissed. In all other respects the motion to dismiss is denied.

**IT IS FURTHER ORDERED** that, within 90 days from the date of this order, Respondents shall file an answer, responding to the remaining claims in the second amended habeas petition. In all other respects, the schedule for further proceedings set forth in the order entered July 20, 2017 (ECF No. 58) remains in effect.

DATED this 10th day of August, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE